**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Gustavo Santos,

Plaintiff,

v.

Aldous & Associates, PLLC

Defendant.

____________________________________ /

CASE NO:

**COMPLAINT**

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Communication Protection Act ("TCPA"), 47 U.S.C. § 227.

**PARTIES**

2. Plaintiff, Gustavo Santos ("Mr. Santos"), is a natural person who resided in Winter Haven, Florida, at all times relevant to this action.

3. Defendant, Aldous & Associates, PLLC ("Aldous"), is a Utah Professional Limited Liability Company that maintained its principal place of business in Holladay, Utah, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Before Aldous began contacting Mr. Santos, it and Mr. Santos had no prior business relationship and Mr. Santos had never provided express consent to Aldous to be contacted on his cellular telephone.

8. Aldous regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Aldous's revenue is debt collection.

10. Aldous is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, Aldous contacted Mr. Santos to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Mr. Santos is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Within the past twelve months, Aldous began calling Mr. Santos on Mr. Santos's cellular phone in connection with the collection of a debt.

15. Shortly after the calls began, Mr. Santos communicated his desire that Aldous cease calling him.

16. On at least one occasion, Aldous called Mr. Santos while Mr. Santos was at work, and Mr. Santos communicated his desire that Defendant stop calling him while he was at work.

17. Despite these communications, Aldous continued to call Mr. Santos throughout the day – including during work hours – on a regular and frequent basis.

18. In addition, Mr. Santos asked Aldous to provide him with Aldous's fax number so that he could fax a cease and desist letter to Aldous. Aldous refused to provide the information to Mr. Santos.

19. Subsequently, Mr. Santos mailed a cease and desist letter to Aldous.

20. Despite being notified of Mr. Santos's desire, Aldous continued to call Mr. Santos on his cellular phone, multiple times.

21. Aldous caused Mr. Santos emotional distress.

**COUNT ONE**

(Violation of the Fair Debt Collection Practices Act)

22. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 21 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

24. Defendant violated 15 U.S.C. § 1692c(a) by calling Plaintiff at a time or place known or which should be known to be inconvenient to the consumer.

25. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

26. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

**COUNT TWO**
(Violations of the Florida Consumer Collection Practices Act)

27. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

28. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

29. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

30. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

31. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or

engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

**COUNT THREE**
(Violation of the Telephone Consumer Protection Act)

32. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 21 above as if fully set forth herein.

33. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

34. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

35. Defendant used a predictive dialer system to call Plaintiff on his cellular phone.

36. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

37. A predictive dialer system is an automated telephone dialing system ("ATDS") within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

38. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

39. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

41. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

42. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

43. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

44. Instead, a plaintiff need only show that the Defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

45. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number ending (XXX) XXX-9849 using an ATDS and/or an artificial or prerecorded voice.

46. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

**JURY DEMAND**

47. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

48. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 28, 2016

By: /s/ Sharina T. Romano

Sharina T. Romano, Esq.
Florida Bar No.: 65501
HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 904.853.3050
(F) 312.361.3509
(E) sharina@fairdebt411.com
*One of Plaintiff's Attorneys*